# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NANCY GUENTHER and DONALD GUENTHER,**

        **Plaintiffs,**

**-vs-**          **Case No. 6:08-cv-456-Orl-31DAB**

**NOVARTIS PHARMACEUTICAL CORPORATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:** **MOTION TO CONSOLIDATE CASES FOR TRIAL (Doc. No. 28)**
>
> **FILED:** September 25, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiffs move to consolidate the instant case with the case of *Ruth Dopson-Troutt and Frank Troutt v. Novartis Pharmaceuticals Corporation*, No. 8:06-cv-1708-T-24EAJ, pending in the Tampa division of this Court. Both cases involve claimants who received infusions of bisphosphonate drugs manufactured by Defendant Novartis Pharmaceuticals Corporation ("NPC"), which allegedly caused bisphosphonate induced/related osteonecrosis of the jaws ("ONJ"). Plaintiffs seek consolidation of the actions for trial, citing the "overwhelming number of common factual and legal issues." Defendant opposes consolidation, contending that these plaintiffs "filed their claims separately years apart, did not use the same NPC products, allegedly used NPC products at different times, have

different medical and dental histories, were treated by different physicians, have identified different expert witnesses (or, in the *Guenther* case, have identified no retained expert witness at all), are pursuing different legal theories under different laws, and seek different damages." (Doc. 32). For the reasons set forth herein, it is **respectfully recommended** that the motion to consolidate be **denied.**

Rule 42, Federal Rules of Civil Procedure, allows the court to consolidate actions which "involve a common question of law or fact." A district court's decision under Rule 42(a) is purely discretionary. *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (consolidation affirmed where four workers, two of whom are brothers, worked out of the same union hall, frequently on the same jobs; their exposure to asbestos-containing insulation products had occurred during the same time frame; and each suffered from asbestosis and was being treated by the same physician with nearly identical medical prognoses). As the Eleventh Circuit has noted, in exercising its discretion, the Court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix,* 776 F.2d at 1495 (*citing Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983) and 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). "The Court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." *Id.*

Applied here, Plaintiffs contend that consolidation is appropriate due to overlapping testimony of "many of the same expert and fact witnesses." These witnesses are the "case-wide" experts

regarding global liability issues likely to appear in both cases and current and former NPC employees likely to testify via videotaped deposition. Plaintiffs cite to the burden placed on witnesses who will, absent consolidation, "be forced to put on their testimony twice." Plaintiffs also argue that both cases "operate under the same substantive laws," are in the same stage of development, and have numerous other factual similarities that make consolidation appropriate. Although the Court sees some similarities, it is not persuaded that consolidation is appropriate here.

While Plaintiffs focus on the burden to overlapping case-wide witnesses, these cases turn on case-specific witnesses. Noting that six similar cases have been tried to date, Defendant contends that "the majority of the evidence presented focused on the specific injuries alleged by the plaintiff in a given case, which in turn relied heavily on plaintiff's medical history, the warnings regarding ONJ with which he or she was or could have been provided, and other case-specific factors." Indeed, Defendant notes that the MDL Panel has repeatedly rejected attempts to consolidate cases for trial and has ordered multi-plaintiff case complaints be severed because the claims of individual plaintiffs were not suited for consolidation. Here, none of the case-specific witnesses in *Dopson-Troutt,* including case-specific expert witnesses, overlap with any witnesses in *Guenther*. As the cases necessarily involve a multitude of different fact witnesses and issues, the Court concludes that the burden on the overlapping case-wide witnesses is not sufficient to warrant consolidation.[1]

Moreover, there are other dissimilarities that the Court finds would confuse the jury. Mrs. Guenther and Mrs. Dopson-Troutt took different drugs[2] at different times, under what is represented to be different circumstances. Although Plaintiffs contend that similar law applies to both cases, Defendant notes that, in response to Defendant's motions for summary judgment, the Guenthers have

---

[1] This is especially so in view of the fact that the testimony of many of the case-wide witnesses is videotaped, so the burden on those witnesses is non-existent.

[2] Ms. Dopson-Troutt took both Aredia® and Zometa®. Ms. Guenther took Zometa® only.

argued that Georgia law applies, while Mr. and Mrs. Dopson-Troutt argue that Pennsylvania law applies. As Judge Moody has recognized in a similar context: "Many federal courts hold that product liability cases are generally inappropriate for multiplaintiff joinder because such cases involve highly individualized facts and '[l]iability, causation, and damages will . . . be different with each individual plaintiff.'" *See In re Accutane Prods. Liab. Litig.*, No. 8:04-md-2523-T-30TBM, Doc. No. 1105 (M.D. Fla. Sept. 20, 2012) (internal citations omitted -granting defendant pharmaceutical companies' motion to sever cases).

In consideration of all of the factors, the benefits of consolidation do not override the substantial risk of prejudice and confusion where, as here, individualized questions of law and fact predominate. It is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy