# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**NANCY GUENTHER and DONALD GUENTHER,**

**Plaintiffs,**

**v.** **Case No: 6:08-cv-456-Orl-31DAB**

**NOVARTIS PHARMACEUTICAL CORPORATION,**

**Defendant.**

---

# ORDER

This cause comes before the Court on a Motion to Apply New Jersey Law to Plaintiffs' Claims for Punitive Damages (Doc. 81) filed by Defendant Novartis Pharmaceuticals Corporation ("Novartis"); a Response (Doc. 95) filed by Plaintiffs Nancy and Donald Guenther; and a reply (Doc. 99).

## I. Standard

Florida has adopted the significant relationships test found in the Restatement (Second) of Conflict of Laws §§ 145, et. seq. (1971), for determining which state's law is to be applied in tort actions filed in a Florida court. *State Farm Mutual Automobile Insurance Company v. Olsen*, 406 So.2d 1109 (Fla.1981); *Bishop v. Florida Specialty Paint Co*., 389 So.2d 999 (Fla. 1980). Section 145 sets out the rule for tort cases:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (1971). Section 6 of the Restatement (Second) lists the following factors as important choice of law considerations in all areas of law:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971). Although the local law of the state where the injury occurs is accorded special significance in tort cases, section 145, comment (e) states: "when the primary purpose of the tort rule involved is to deter or punish misconduct, the place where the conduct occurred has peculiar significance."

## II. Analysis

As a threshold matter, the parties agree that an actual conflict exists between Florida and New Jersey law with respect to punitive damages. New Jersey grants statutory immunity from

punitive damages to drug companies in pharmaceutical products liability cases unless the plaintiff can show it "knowingly withheld or misrepresented information required to be submitted under the [Food and Drug Administration's] regulations." N.J. Stat. Ann. § 2A:58C-5(c) (2012). Florida has no such statute.

**Dépeçage**

Since Florida law applies to the other issues in this case, Plaintiffs argue that it should also apply to punitive damages because Florida does not recognize the principle of "dépeçage."[1] This argument fails, however, because although the word "dépeçage" is a "stranger to Florida law," the concept it represents is not. Several Florida courts have recognized that the Restatement's significant relationship test "does not require the court to evaluate the recited contacts with a view to determine which state's local law should be applied to all issues in the case as a whole; rather, the contacts must be evaluated with respect to the particular issue under consideration." *Stallworth v. Hospitality Rentals, Inc.*, 515 So. 2d 413, 415 (Fla. 1st DCA 1987) (citing *Hertz v. Piccolo,* 453 So. 2d 12 (Fla. 1984) and *Harris v. Berkowitz,* 433 So. 2d 613 (Fla. 3d DCA 1983)). Where the choice of law influencing a decision differ between the two states involved, separate substantive issues in the case may have to be resolved under the laws of different states. *Foster v. United States,* 768 F.2d 1278 (11th Cir. 1985). *See also Talley v. Novartis Pharmaceuticals Corp.*, 3:08-CV-361-GCM, 2011 WL 2559974 (W.D.N.C. June 28, 2011) ("The Restatement also allows for "dépeçage," which allows for application of different state laws to different issues in the case (for instance, to liability, compensatory damages, and punitive damages)."); Restatement (Second) of Conflicts of Law § 145 cmt. d ("The courts have long recognized that they are not bound to decide

[1] Dépeçage is the choice of law principle which requires that conflicts be evaluated with respect to a particular issue in a case, rather than to the case as a whole.

all issues under the local law of a single state."). Accordingly, the Court will examine the Restatement factors with respect to the punitive damages claim.

**Choice of Law**

The majority of courts that have evaluated the choice of law issue in similar cases have determined that New Jersey law applies to the punitive damages claim. In *Chiles v. Norvartis Pharm. Corp.*, this Court applied New Jersey law to a plaintiff's punitive damages claim reasoning that "the decisions at issue that potentially give rise to punitive damages were made from Defendant's New Jersey headquarters." *Chiles v. Novartis Pharmaceuticals Corp.*, 3:06-CV-96-J-25 JBT, 2013 WL 539891 (M.D. Fla. Feb. 7, 2013) (citing *Zimmerman v. Novartis Pharmaceuticals Corp*., 889 F. Supp. 2d 757 (D. Md. 2012) (examining significant relationship factors)). Similarly, the United States District Court for the Northern District of Florida applied New Jersey law because "when the primary purpose of the tort rule involved is to deter or punish misconduct, the place where the conduct occurred has peculiar significance." *Krause v. Novartis Pharmaceuticals Corporations*, 1:06CV12-SPM/GRJ, 2013 WL 785229 (N.D. Fla. Feb. 28, 2013) (citing Restatement (Second) Conflict of Laws § 145, cmt. e.) ("when the primary purpose of the tort rule involved is to deter or punish misconduct, the place where the conduct occurred has peculiar [sic] significance."); Restatement (Second) Conflict of Laws § 145 cmt. c. ("If the primary purpose of the tort rule involved is to deter or punish misconduct . . . the state where the conduct took place may be the state of dominant interest and thus that of most significant relationship."). *See also Talley*, 2011 WL 2559974 at *4; *Brown v. Novartis Pharm. Corp.*, 7:08–cv–130–FL, 2012 WL 3066588, *7 (E.D.N.C. 2012) (joining other courts in concluding that, for purposes of the choice of law determination with regard to punitive damages on a claim of failure to warn against a pharmaceutical corporation, the relevant conduct occurred in New Jersey, where

the corporate decisions regarding labeling and packaging occurred); *Deutsch v. Novartis Pharmaceuticals Corp.*, 723 F. Supp. 2d 521, 525 (E.D.N.Y. 2010). There is no need to repeat that analysis here. Instead, the Court adopts the reasoning in *Zimmerman v. Novartis Pharmaceuticals Corp*., 889 F. Supp. 2d 757 (D. Md. 2012) and holds that New Jersey law applies with respect to Plaintiffs' claim for punitive damages.

**Preemption**

New Jersey law prohibits punitive damages in cases such as this unless a plaintiff can show that the defendant misrepresented information to the FDA. Defendant argues that this "fraud-on-the-FDA" exception is preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et. seq. The FDCA empowers the Food and Drug Administration, ("FDA"), to regulate the safety of pharmaceutical drugs through an extensive drug approval process. Prior to approval, drug companies must make extensive disclosures in accordance with agency regulations. Companies that fail to comply with these procedures are subject to enforcement proceedings by the FDA, which has exclusive authority to initiate those proceedings. See 21 U.S.C. § 337(a).

Recently, New Jersey enacted a statutory immunity provision that prevents a plaintiff from recovering punitive damages in a pharmaceutical products liability case if that drug manufacturer complied with FDA regulations. There is an exception in the statute, however, if a plaintiff can prove that the defendant "knowingly withheld or misrepresented information required to be submitted under the agency's regulations, which information was material and relevant to the harm in question." N.J. Stat. Ann. § 2A:58C-5(c) (2012). *See also*, *Zimmerman,* 889 F. Supp. 2d at 765. Since the FDA is charged with the sole discretion to ensure compliance with FDCA

disclosure obligations, Defendant argues that New Jersey's statute creates an obstacle to the FDA's ability to effectively police compliance.[2]

The seminal case on the issue is *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001). In that case, plaintiffs' sued the manufacturer of orthopedic bone screws for fraud-on-the-FDA, a state law cause of action. The Court held that the fraud-on-the-FDA claims were preempted by the FDCA because, *inter alia*, it would impermissibly require a fact-finder to make a determination left solely to the FDA. Permitting such suits may lead to unpredictability, additional burdens on the FDA, and ultimately "exert an extraneous pull on the scheme established by Congress." *Id*. at 353.

The statute at issue in this case is slightly different than the one in *Buckman*, and as a result, courts have come to different conclusions on its applicability. One line of cases holds that New Jersey's fraud-on-the-FDA exception is preempted by the FDCA. *Zimmerman v. Novartis Pharmaceuticals Corp.*, 889 F. Supp. 2d 757 (D. Md. 2012); *McDarby v. Merck & Co., Inc*, 401 N.J. Super. 10, 92, 949 A.2d 223, 275 (App. Div. 2008); *In re Aredia and Zometa Prods. Liab. Litig.*, No. 3:06-MD-1760, 2007 WL 649266 at *10 (M.D. Tenn. Feb. 27, 2007).[3] Other courts read *Buckman* narrowly and decline to apply to it the New Jersey statute. *See Forman v. Novartis Pharmaceuticals Corp.*, 793 F. Supp. 2d 598, 601 (E.D.N.Y. 2011) (relying on *Desiano v.*

---

[2] There are three ways a federal law can preempt a state law: express preemption, field preemption, and implied preemption. *See Crosby v. National Foreign Trade Council*, 530 U.S. 363, 373–374, 120 S. Ct. 2288, 147 L. Ed.2d 352 (2000). The only issue here is implied preemption. Implied conflict preemption occurs when "under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Crosby v. Nat. Foreign Trade Council*, 530 U.S. 363, 372–73, 120 S. Ct. 2288, 147 L. Ed.2d 352 (2000). In this area of preemption courts primarily consider whether the state claim requires a fact finder to make a determination that a federal law leaves exclusively to the agency.

[3] Both the Fifth and Sixth Circuits have come to the same conclusion with respect to similar statutes in other states. *See Garcia v. Wyeth–Ayerst Labs*., 385 F.3d 961, 966 (6th Cir. 2004); *Lofton v. McNeil Consumer & Specialty Pharmaceuticals*, 672 F.3d 372 (5th Cir. 2012).

*Warner-Lambert & Co.*, 467 F.3d 85, 87 (2d Cir. 2006) *aff'd sub nom. Warner-Lambert Co., LLC v. Kent*, 552 U.S. 440, 128 S. Ct. 1168, 170 L. Ed. 2d 51 (2008)). In *Forman*, the United States District Court for the Southern District of New York drew a distinction between "fraud-on-the-FDA" cause of action at issue in *Buckman*, and the "traditional state tort suit" in New Jersey. The former was preempted in *Buckman* primarily because it was based on a duty created by Congress and required a fact finder to make a determination left solely to the FDA. New Jersey's statute, by contrast, "[is] not premised principally (let alone exclusively) on a drug maker's failure to comply with federal disclosure requirements," *Forman*, 793 F.Supp. 2d at 607 (quoting *Desiano*, 467 F.3d at 95), rather, the claim was based on a traditional state law claim which merely incorporated fraud on the FDA as an element. *Id*. The court reasoned that "*Buckman* cannot be read as precluding such preexisting common law liability based on other wrongs, even when such liability survives only because there was *also* evidence of fraud against the FDA." *Id*. (quoting *Desiano*, 467 F.3d at 95 (emphasis in original)).

This Court fails to see a relevant distinction. As the *Zimmerman* court recognized,

> [s]imply put, Plaintiff's claim for punitive damages requires a state fact finder to determine what was required to be submitted to the FDA, whether it was submitted to the FDA and, whether the FDA would have made a different approval decision had it been provided with the correct or missing information. Plaintiff's claim thus requires a fact finder to make these types of determinations as a matter of state law even though federal law makes such determinations the exclusive province of the FDA.

*Zimmerman*, 889 F. Supp. 2d at 776. Thus, Section 2A:58C-5(c), of the New Jersey statutes is preempted by the FDCA, and Plaintiffs claim for punitive damages will therefore be stricken.[4]

[4] Under this interpretation the fraud-on-the-FDA exemption appears to be illusory; however, as noted by the MDL court, Plaintiffs may be entitled to seek punitive damages under New Jersey law if the FDA finds that Novartis committed fraud on the agency. *In re Aredia & Zometa Products Liab. Litig.*, 3:06-MD-1760, 2007 WL 649266 at *9-*10 (M.D. Tenn. Feb. 27, 2007).

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 81) is **GRANTED**. Plaintiffs claim for punitive damages is **STRICKEN.**

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2013.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties