**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

_____

**NANCY GUENTHER**, *et al.*,  )
                              )
    Plaintiffs,               )
                              )
    v.                        )  **No. 6:08-cv-00456-Orl-31DAB**
                              )
**NOVARTIS PHARMACEUTICALS CORP.**,  )
                              )
    Defendant.                )
_____ )

**NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT SUGGESTING
A DUTY TO WARN BEYOND THE WARNINGS IN THE FDA-APPROVED
PACKAGE INSERT WITH SUPPORTING MEMORANDUM OF LAW**

Novartis Pharmaceuticals Corporation ("NPC") respectfully requests that the Court

exclude evidence or argument that NPC was required to provide additional warnings to

Nancy Guenther's prescribing physicians beyond those contained in the FDA-approved

package insert.  NPC expects that plaintiffs will try to make "failure-to-communicate"

arguments, by contending that NPC should have done more to publicize and disseminate

package insert revisions about osteonecrosis of the jaws ("ONJ") associated with Zometa®

therapy.  But such efforts to expand the scope of NPC's duty to warn run afoul of the learned

intermediary doctrine and the Eleventh's Circuit's recent ruling in *Guarino v. Wyeth, LLC*, --

- F.3d ----, No. 12-13263, 2013 WL 3185084 (11th Cir. June 25, 2013).  Because the FDA-

approved Zometa® package insert is the only place where (and the only way in which) NPC

had a duty to warn about ONJ, the Court should preclude plaintiffs from presenting any

evidence or argument to suggest otherwise at trial.  Such evidence or argument would be

irrelevant or, in the alternative, would contravene Federal Rule of Evidence 403 because any minimal probative value would be substantially outweighed by the danger of jury confusion, waste of time, and unfair prejudice to NPC.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), NPC's counsel conferred with plaintiffs' counsel in a good faith effort to resolve the issues raised herein, but counsel did not reach agreement.

## MEMORANDUM OF LAW

NPC expects plaintiffs to argue at trial that, even after NPC revised the Zometa® package insert to address reports of ONJ in patients treated with Zometa®, NPC did not "do enough" to warn Mrs. Guenther's prescribing physicians and the medical and dental community about those package insert revisions.  For example, plaintiffs may try to contend that NPC should have warned about ONJ in various ways beyond the package insert itself, including putting warnings in promotional materials; warning health care providers through a book called the Physicians' Desk Reference; and/or sending NPC sales representatives to warn health care providers directly and ensure that they were aware about ONJ-related revisions to the Zometa® package insert.

However, these kinds of "failure-to-communicate" arguments are contrary to the learned intermediary doctrine because NPC was under no duty to warn Mrs. Guenther's prescribing physicians about ONJ  beyond the information provided in the Zometa® package insert (also known as "labeling").  As the Eleventh Circuit stated in a recent pharmaceutical products liability ruling:  "'Pharmaceutical manufacturers discharge their duty to warn the learned intermediary by way of a ***package insert*** which accompanies [their products].'"

*Guarino*, 2013 WL 3185084, at *4 (emphasis added) (quoting *E.R. Squibb & Sons, Inc. v. Farnes*, 697 So. 2d 825, 827 (Fla. 1997)).[1]  Moreover, the Eleventh Circuit rejected plaintiff's argument that defendant should be held "liable for failing to make medical providers aware of – i.e., failing to *communicate* – the change in labeling."  *Id*. at *2.  The court held that the "failure-to-communicate" theory would require defendants "to take affirmative action to notify consumers, doctors, or pharmacists of FDA-approved changes to the drug label in order to avoid liability."  *Id*. at *3; *see also id*. at *4 (holding that defendant's package insert adequately warned that metoclopramide therapy should not exceed twelve weeks and that defendant therefore "satisfied its duty to provide Guarino's physician – the learned intermediary – with information regarding the risks of long-term metoclopramide use").[2]

Thus, plaintiffs are precluded from making "failure-to-communicate" arguments in this case.  The Zometa® package insert is the only warning that NPC was required to give about ONJ occurring in patients treated with Zometa®.  Any attempt by plaintiffs to present evidence or argument that NPC should have done more to announce and disseminate ONJ-related revisions to the Zometa® package insert are contrary to *Guarino* and the learned

---

[1] Although *Guarino* addresses the learned intermediary doctrine based on Florida law, this Eleventh Circuit ruling applies as well to this case if this Court holds that Georgia law governs plaintiffs' remaining claims.  The learned intermediary doctrine is firmly entrenched in both Florida and Georgia law.  NPC is not aware of any difference between those states' laws regarding the learned intermediary doctrine that would render the Eleventh Circuit's reasoning and holding in *Guarino* inapplicable here if Georgia law applies to plaintiffs' remaining claims.

[2] The *Guarino* court issued alternative rulings, holding that plaintiff's claims were preempted by federal law and that, even if the claims were not preempted, they would fail on the merits of state law due to the learned intermediary doctrine.  *See Guarino*, 2013 WL 3185084, at *4 (stating that "it does not matter whether we treat Guarino's claims against Teva as preempted by federal law or on the merits, because under either mode of analysis, the same result obtains").

intermediary doctrine.  Accordingly, such evidence or argument is irrelevant or inadmissible based on Rule 403.

## **CONCLUSION**

For the foregoing reasons, the Court should exclude evidence or argument that NPC was required to (and should have) done more to warn about ONJ beyond addressing ONJ in the FDA-approved Zometa® package insert.


Dated:  July 15, 2013                          Respectfully submitted,


Michael J. Thomas                          /s/ Donald W. Fowler
(mike@penningtonlaw.com)            Donald W. Fowler (admitted *pro hac vice*)
Florida Bar No. 897760                   (dfowler@hollingsworthllp.com)
  PENNINGTON, P.A.                      Martin C. Calhoun (admitted *pro hac vice*)
  215 South Monroe St., 2nd Floor    (mcalhoun@hollingsworthllp.com)
  Tallahassee, FL 32301                    HOLLINGSWORTH LLP
  (850) 222-3533                              1350 I Street, NW
  (850) 222-2126 (fax)                       Washington, D.C. 20005
                                                       (202) 898-5800
                                                       (202) 682-1639 (fax)

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 15th day of July 2013 served a true and correct copy of

the foregoing motion and supporting memorandum of law, by operation of the Court's Electronic

Case Filing System, on the following:

John J. Vecchione, Esq.                   Ramon A. Rasco, Esq.
Valad & Vecchione, PLLC           Podhurst Orseck, P.A.
3863 Plaza Drive, Suite 200           City National Bank Building
Fairfax, VA  22030                       25 West Flagler Street, Suite 800
(703) 352-4800                         Miami, FL  33130
                                      (305) 358-2800

                                    /s/ Donald W. Fowler
                                    Donald W. Fowler (admitted *pro hac vice*)
                                    (dfowler@hollingsworthllp.com)
                                    Martin C. Calhoun (admitted *pro hac vice*)
                                    (mcalhoun@hollingsworthllp.com)
                                     HOLLINGSWORTH LLP
                                     1350 I Street, NW
                                     Washington, D.C. 20005
                                     (202) 898-5800
                                     (202) 682-1639 (fax)

                                   *Attorneys for Defendant Novartis*
                                   *Pharmaceuticals Corporation*