# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANCY GUENTHER and DONALD GUENTHER,**

      **Plaintiffs,**

**v.**                                 **Case No:  6:08-cv-00456-Orl-31DAB**

**NOVARTIS PHARMACEUTICALS CORPORATION,**

      **Defendant.**

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Strike Novartis' Motions in Limine (Doc. 154).

### I.    Background

This is a products liability case.  Plaintiff Nancy Guenther contends that a drug manufactured by the Defendant, Novartis Pharmaceuticals Corporation ("Novartis"), was defective and caused her to develop problems with her jaw.  Trial is scheduled for this September.

On July 15, 2013, Novartis filed 14 motions in limine (Doc. 132-137, 139-145, 148). According to the Plaintiffs' calculations, which the Court has not verified but which appear to be accurate, the motions total 131 pages.  The motions, collectively, also have hundreds of pages of exhibits attached.  The Plaintiffs argue that this filing constitute an abuse of the *in limine* process and seek to have the motions stricken.  Failing that, the Plaintiffs seek to have the Court defer ruling on the motions until trial or, at least, extend the deadline and relax the page restriction for their responses.

## II.    Legal Standard

Broadly speaking, a motion in limine may be defined as a request, generally made before a trial has begun, "to exclude anticipated prejudicial evidence before it is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Although in limine rulings are not binding on a trial court and remain subject to reconsideration during the trial itself, *id.* at 41-42, motions in limine provide notice to the trial judge of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial, *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873 (M.D.Fla. June 18, 2007). A pretrial motion in limine may also have the salutary effect of reducing the number of interruptions during the trial itself. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

While the list is not exhaustive, courts generally recognize that a motion in limine is proper where:

> (1) the trial court has directed that evidentiary issue be resolved before trial; (2) the evidentiary material is highly prejudicial or inflammatory and would risk mistrial if not previously addressed by the trial court; (3) the evidentiary issue is significant and unresolved under the existing law; (4) the evidentiary issue involves a significant number of witnesses or substantial volume of material making it more economical to have the issue resolved in advance of the trial so as to save time and resources of all concerned; or (5) the party does not wish to object to the evidence in the presence of the jury and thereby preserves the issue for appellate review by obtaining an unfavorable ruling via a pretrial motion in limine.

75 Am. Jur. 2d Trial § 39.

## III.    Analysis

The Court realizes that this is not a simple case. There are complicated causation and notice issues requiring consideration of extensive amounts of scientific and medical evidence. Nonetheless, the Court agrees with the Plaintiffs that this avalanche of motions in limine is unwarranted. After a brief review of the motions, it appears that none of the contested evidence

could even arguably be considered highly prejudicial or inflammatory. Most if not all of the motions boil down to rather conventional considerations of relevance. That is not to say that any of these motions are necessarily improper, at least on their face. It is possible that any one of them could resolve at least some evidentiary issues before trial, or at a minimum expedite their resolution at trial by informing the court of the parties' positions ahead of time. As a group, however, the motions are improper, falling outside the spirit (if not the letter) of acceptable motion in limine practice. Their immense volume seems designed to impose a substantial pretrial burden on opposing counsel during the critical period immediately preceding the trial. Even if this were not their intended purpose, the hours needed to review, discuss, and address the hundred-plus pages of argument and hundreds of additional pages of exhibits seems certain to outweigh the comparatively minimal amount of trial interruptions they might prevent.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Novartis' Motions in Limine (Doc. 154) is **GRANTED IN PART AND DENIED IN PART**. The Defendant's motions in limine (Doc. 132-137, 139-145, 148) are **STRICKEN.** And it is further

**ORDERED** that the Defendant may file a single omnibus motion in limine, not to exceed twenty pages in length, on or before July 29, 2013.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties