**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NANCY GUENTHER and DONALD GUENTHER,**

        **Plaintiffs,**

**v.**                                            **Case No: 6:08-cv-456-Orl-31DAB**

**NOVARTIS PHARMACEUTICAL CORPORATION,**

        **Defendant.**

## ORDER

This cause comes before the Court on Motion to Apply Georgia Law and for Partial Summary Judgment (Doc. 116) filed by Defendant, Novartis Pharmaceutical Corporation ("NPC"); Plaintiffs' Response thereto (Doc. 160) and Defendant's Reply (Doc. 161).

The sole issue presented by this Motion is whether Florida law or Georgia law applies to Plaintiff's claims. If Georgia law applies, all of Nancy Guenther's claims are potentially barred by Georgia's applicable two-year statute of limitations. Florida's four-year statute of limitations would not bar Plaintiff's claims. The relevant facts are as follows.

In 2000, Plaintiffs moved to Augusta, Georgia, from their previous residence in Marathon, Florida, where they had lived since 1996. Nancy Guenther ("Guenther") began taking Zometa in May 2002 when it was proscribed by her oncologist in Augusta, Dr. Miriam Atkins. On October 13, 2003, the Guenthers moved to Orlando, Florida, where they now reside. Despite the move, Plaintiffs continued to travel to Augusta once per month for treatment with Dr. Atkins.

In October 2004, Guenther's dentist, also in Augusta, first suspected something was wrong with her jaw. She was referred to Dr. Schaumberg, a maxillofacial specialist in Orlando, Florida, who diagnosed her condition as "avascular necrosis." On June 30, 2005, Guenther stopped seeing Dr. Atkins, and began seeing Dr. Kenneth Simon, in Florida. Although Dr. Simon discontinued Zometa treatment in March 2006, he did not inform Guenther that her jaw problems may be related to the drug. In July 2006, Guenther began seeing Dr. Robert Marx in Orlando. Dr. Marx was the first to inform Guenther that osteonecrosis of the jaw ("ONJ") was caused by Zometa. He performed three surgeries related to Guenther's ONJ in 2007, 2008, and 2012—all in Florida.

## I.     Standard

Florida has adopted the significant relationships test found in the Restatement (Second) of Conflict of Laws §§ 145, et. seq. (1971), for determining which state's law is to be applied in tort actions filed in a Florida court. *State Farm Mutual Automobile Insurance Company v. Olsen*, 406 So.2d 1109 (Fla. 1981); *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla. 1980). Section 145 sets out the rule for tort cases:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

   (a) the place where the injury occurred,

   (b) the place where the conduct causing the injury occurred,

   (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

   (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (1971). Section 6 of the Restatement (Second) lists the following factors as important choice of law considerations in all areas of law:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971). Section 146 of the Second Restatement provides that "[i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 146 (1971).

## II.     Discussion

Defendant relies on the general presumption in tort cases that a court will apply law of the state where the injury occurred.[1] Restatement (Second) of Conflict of Laws § 146 (1971). But, there is an exception to that rule when another state has a more significant interest—as Florida

---

[1] The Court will assume, for the purpose of resolving the instant motion, that there is a conflict between Georgia and Florida law.

does here.[2] *Id*. Guenther has been a resident of Florida (the forum state) for all but three of the past eighteen years. Although Zometa was initially proscribed, and administered by a Georgia doctor while Plaintiff was a resident of Georgia, Plaintiff moved back to Florida in 2003 and the Zometa regimen was continued in Florida as proscribed by a Florida oncologist (Dr. Simon) from May 2005 through February 2006.[3] ONJ was first diagnosed in Florida by Dr. Schaumberg in October 2004, and has been treated in Florida by Dr. Marx. Dr. Marx was also the first to make the connection between Zometa and Plaintiff's ONJ. In sum, but for the Zometa injections administered by Dr. Akins in Georgia between 2002 and 2005, all the relevant contacts are with Florida. Plaintiff's injury was diagnosed in Florida and her cause of action accrued in Florida when she first learned that Zometa was the likely cause of her ONJ.

Even assuming Georgia is the state where the injury occurred, it has no significant interest in applying its statute of limitations to bar Guenther's claim—neither party is a resident of Georgia and this suit was not brought in a Georgia court. Moreover, the Restatement addresses the instant issue in Section 142: "[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state . . . ." Restatement (Second) of Conflict of Laws § 142(2) (1971).[4]

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 116) is **DENIED**.

---

[2] With respect to tort actions, the following factors are of greater importance, (1) the needs of the interstate and international systems, (2) the relevant policies of the forum, (3) the relevant policies of other interested states and particularly of the state with the dominant interest in the determination of the particular issue, and (3) the ease in the determination and application of the law to be applied. Restatement (Second) of Conflict of Laws § 145, cmt. b (1971).

[3] Plaintiff received thirty-seven Zometa injections from Dr. Atkins in Georgia, but only nineteen while she was a Georgia resident.

[4] There is an exception to this rule, but it is inapplicable here. *See* Restatement (Second) of Conflict of Laws § 143 (1971).

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2013.

                                                                                                  _____
                                                                                                  GREGORY A. PRESNELL
                                                                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties