# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NANCY GUENTHER and DONALD
GUENTHER,

                    Plaintiffs,

v.                                              Case No:  6:08-cv-456-Orl-31DAB

NOVARTIS PHARMACEUTICAL
CORPORATION,

                    Defendant.

_____

## ORDER

This matter comes before the Court without a hearing on the Motion to Quash Subpoenas (Doc. 163) filed by the Defendant, Novartis Pharmaceutical Corporation ("Novartis), the response in opposition (Doc. 178) filed by the Plaintiffs, and the reply (Doc. 182) filed by Novartis.

On July 18, 2013, the Plaintiffs served subpoenas for trial testimony of two Novartis employees, Diane Young and Joanne Machalaba, on Novartis's registered agent in Florida.  The two employees live and work in New Jersey, more than 900 miles from the Orlando courthouse where the trial in this products liability action is scheduled to take place.

Rule 45(b)(2) sets the following geographical limits upon the subpoena power of a district court:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Rule 45(c) sets forth a number of protections for persons who are subject to a subpoena. More particularly, Rule 45(c)(3)(A)(ii) requires in pertinent part that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."

Novartis argues that service of these subpoenas was improper as it did not fall within any of the categories set forth in Rule 45(b)(2), and therefore the subpoenas should be quashed.  The Plaintiffs argue that the employees at issue are Novartis officers and therefore, by negative inference from Rule 45(c)(3)(A)(ii), they can be compelled to give trial testimony more than 100 miles from where they reside, are employed, or regularly transact business in person.[1]

Novartis disputes the Plaintiffs' contention that the subpoenaed employees should be considered company officers.  However, even assuming *arguendo* that these employees are officers, the Court finds that the subpoenas were improperly served and must be quashed.  Though some courts have reached the opposite conclusion, the Court finds that Rule 45(c)(3)(A)(ii) acts as a limitation on the subpoena power set forth in Rule 45(b)(2), rather than an expansion of it.  *See, e.g.*, *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 557 (N.D. Ala. 2009) (rejecting notion that Rule 45(c)(3)(A)(ii) authorizes nationwide service of process on parties or party witnesses).  *See also Wright & Miller*, 9A Fed. Prac. & Proc. Civ. §2454 (3d Ed.) (stating that the 100-mile limit in Rule 45(b)(2) applies to a party as well as to an ordinary witness).

---

[1] Novartis disputes the Plaintiffs' contention that these employees should be considered company officers.  However, for purposes of the instant motion, the Court assumes that the employees are

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Quash Subpoenas (Doc. 163) is

**GRANTED**, and the subpoenas at issue are hereby **QUASHED**.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties