# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANCY GUENTHER and DONALD GUENTHER,**

        **Plaintiffs,**

**v.**                              **Case No:  6:08-cv-456-Orl-31DAB**

**NOVARTIS PHARMACEUTICAL CORPORATION,**

        **Defendant.**

_____

# COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, the lawyers will give their closing arguments.  You will then go to the jury room and begin your discussions – what we call your deliberations.

Final

**Consideration Of The Evidence**
**Duty To Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and

circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

### Credibility Of Witnesses

Now, in saying that you must *consider* all of the evidence, I do not mean that you must **accept** all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## Impeachment Of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

Depositions of several witnesses have been presented to you by a video or by reading the transcript.  Deposition testimony is entitled to the same consideration as live testimony and you must judge it in the same way as if the witness was testifying in court.

**Expert Witnesses**
**When Expert Witness Fees Represent A**
**Significant Portion of the Witness' Income**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**Stipulations**

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

## Burden Of Proof When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Introduction to Claims**

In this case, Mrs. Guenther is asserting two substantive claims against Novartis.  First, she claims Novartis negligently failed to provide a warning and that this negligence was a legal cause of damage to her.  Second, she claims that Novartis should be held strictly liable for selling a defective, unreasonably dangerous product that caused her to suffer harm.  Mr. Guenther is also asserting a claim.  He claims that Novartis caused him to suffer a loss of his wife's services, comfort, society and attentions.  Novartis  denies all of these allegations.

**First Claim: Negligent Failure to Warn**

As noted above, Mrs. Guenther is asserting a negligent failure to warn claim. More particularly, she alleges that Novartis negligently failed to provide warnings of the risks associated with Zometa®, or instructions on how to minimize those risks, to prescribing and other health-care providers who were in a position to reduce the chance that she would be harmed.

To prevail on her failure to warn claim, Mrs. Guenther must prove both of the following facts by the preponderance of the evidence:

First:      That Novartis was "negligent" in failing to warn, and;

Second:    That such negligence was a "legal cause" of

damage she sustained.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful pharmaceutical company would use under like circumstances. Negligence may consist either in <u>doing</u> something that a reasonably careful pharmaceutical company would <u>not</u> do under like circumstances, or in <u>failing</u> to do something that a reasonably careful pharmaceutical company <u>would</u> do under like circumstances.

Reasonable care on the part of Novartis requires that Novartis give appropriate warnings about particular risks of Zometa® which Novartis knew or

˘11˘

should have known are involved in the reasonably foreseeable uses of Zometa® and which make Zometa® unreasonably dangerous.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.  Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If the preponderance of the evidence does not support Mrs. Guenther's claim, then your verdict should be for Novartis.  If, however, the preponderance of the evidence does support Mrs. Guenther's claim, you will find Novartis negligent.

### Violation of a Federal Regulation

In connection with the negligent failure to warn claim, Mrs. Guenther claims that Novartis violated a federal regulation.  The labeling of prescription drugs such as Zometa® is and was governed by Part 201, Subpart B of the Code of Federal Regulations, entitled "Labeling Requirements for Prescription Drugs and/or Insulin".   In the relevant time frame from May 2002 to February 2006, 21 CFR § 201.57(e) of the Code of Federal Regulations provided as follows:  "The labeling [on a prescription drug] shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved".

Plaintiff alleges that Novartis failed to revise its label during this period to include a warning about bisphosphonate related osteonecrosis of the jaw, or BRONJ, when there was reasonable evidence of an association with Zometa®, thereby violating 21 CFR §201.57(e) of the Code of Federal Regulations.

Violation of this federal regulation would be evidence of negligence.  It would not, however, be conclusive evidence of negligence.  If you find that Novartis violated this federal regulation, you may consider that fact, together with the other facts and circumstances, in deciding whether Novartis was negligent.

## Second Claim: Strict Liability For Failure to Warn

Mrs. Guenther claims that Novartis is strictly liable for its failure to warn. She claims that Zometa® was defective because the foreseeable risks of harm from Zometa® could have been reduced or avoided by providing reasonable instructions or warnings to prescribing and other health care providers who were in a position to reduce the chance that she would be harmed, and the failure to provide those warnings or instructions made Zometa® unreasonably dangerous.

In order to prevail on this claim Mrs. Guenther must prove the following facts by a preponderance of the evidence:

First:     That Novartis is the manufacturer or distributor of Zometa®;

Second:     That Novartis did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution;

Third:     That Zometa® is defective, because the foreseeable risks of harm from Zometa® could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made Zometa® unreasonably dangerous, and;

Fourth:        That the failure to provide reasonable instructions or warnings was a "legal cause" of damage sustained by the Plaintiff.

It is undisputed that Novartis is the manufacturer of Zometa®.

The duty to warn is fulfilled by an adequate warning given to prescribing and other health-care providers who are in a position to reduce the risk of harm to the patient.  In determining the adequacy of the warning, the critical inquiry is whether it is adequate to warn the provider of the possibility that Zometa® could cause the injury alleged by the Plaintiff – in this case, bisphosphonate related osteonecrosis of the jaw (BRONJ).

A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.   Also, in considering a strict liability claim, you can find liability for failure to warn even if the product's labeling conformed to FDA regulations.

With regard to the issue of "legal cause", a defective condition is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said

that, except for the defective condition, the injury complained of would not have

occurred.  A defective condition may be a legal cause of damage even though it

operates in combination with the act of another, some natural cause, or some other

cause if such other cause occurs at the same time as the defective condition and if

the defective condition contributes substantially to producing such damage.

If the preponderance of the evidence does not support Mrs. Guenther's claim,

then your verdict should be for Novartis.  If, however, the preponderance of the

evidence does support Mrs. Guenther's claim, you should find Novartis is strictly

liable for its failure to warn.

**Government Rules Defense**

Before a prescription drug can be sold, the drug must be approved by the U.S. Food and Drug Administration, or FDA, as safe and effective.  The drug's labeling must also be approved by the FDA before the drug can be sold.

If you find that Novartis complied with the applicable FDA regulations prior to and during the May 2002 to February 2006 time period, then you must presume that Zometa® was not defective or unreasonably dangerous.  Because the presumption is rebuttable, it would then be Plaintiff's burden to counter that presumption and prove, by a preponderance of the evidence, that Zometa was defective and unreasonably dangerous.  On the other hand, if you find that Novartis failed to comply with applicable FDA regulations prior to or during the May 2002 to February 2006 time period, then you must presume that Zometa® was defective or unreasonably dangerous, and Novartis would bear the burden of rebutting that presumption, by a preponderance of the evidence, to show that Zometa® was not defective or unreasonably dangerous.

## Damages

If you should find for the Plaintiff and against the Defendant on either the strict liability claim or the negligent failure to warn claim, you must then decide the issue of the Plaintiff's damages.   In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

a.    **Actual Medical Expenses:**  The reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Mrs. Guenther.

b.    **Physical or Emotional Pain and Mental Anguish:**  Any bodily injury sustained by Mrs. Guenther and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future.

c.    **Loss of Consortium:**  With regard to Mr. Guenther, you should award him an amount of money which the preponderance of the evidence shows will fairly and adequately compensate him for any loss -- by reason of his wife's injury -- of her services, comfort, society and attentions in the past and in the future caused by the incident in question.

## Life Expectancy

If the preponderance of the evidence shows that Mrs. Guenther has been permanently injured, you may consider her life expectancy.  Mortality tables may be considered together with other evidence in the case bearing on Mrs. Guenther's health, age, and physical condition, before and after her injury, in determining the probable length of her life.

**Duty to Deliberate**
**When Only Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Mrs. Guenther's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.  A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and tell the marshal you have a verdict. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.