# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANCY GUENTHER and DONALD GUENTHER,**

      **Plaintiffs,**

**v.**                                                                                  **Case No: 6:08-cv-456-Orl-31DAB**

**NOVARTIS PHARMACEUTICAL CORPORATION,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for New Trial (Doc. 283) filed by the Defendant, Novartis Pharmaceutical Corporation ("Novartis"), the response in opposition (Doc. 296) filed by the Plaintiffs, and the reply (Doc. 299) filed by Novartis.

In this products liability case, Nancy Guenther contended that she had suffered osteonecrosis of the jaw ("ONJ") as a result of taking Novartis's drug, Zometa; her husband, Donald Guenther, also sued for loss of consortium.[1] Nancy Guenther proceeded under two theories – negligence and strict liability – but both theories boiled down to one issue: whether Novartis provided a proper warning as to the risk of ONJ.

The trial was lengthy and contentious. On the ninth day, the jury was given its instructions and asked to answer two liability questions:

(1) Do you find from a preponderance of the evidence that Novartis negligently failed to provide an adequate warning with respect to Zometa? And

---

[1] The extensive history of this case is well documented in prior orders and will not be repeated here.

>   (2) Do you find from a preponderance of the evidence that Zometa was defective in that it was marketed . . . with inadequate warning or instruction regarding ONJ?

After deliberating for approximately eight hours over the course of two days, the jury returned its verdict, answering "yes" to the first question, but "no" to the second. Nancy Guenther was awarded $1.3 million in damages.[2]

At a sidebar conference, counsel for Novartis objected to the verdict as being inconsistent; counsel for the Guenthers agreed. The Court proposed to tell the jury that their answers to the two liability questions must be consistent -- *i.e.* either both "yes" or both "no". The parties agreed, and the jury was sent back out with this instruction and a new verdict form. Approximately ten minutes later, the jury returned with an amended verdict, answering both questions in the affirmative (and therefore finding Novartis liable on both theories).

After the jury was dismissed, Novartis made an ore tenus motion for new trial. Subsequently, it filed the instant motion/memorandum in support (Doc. 283). Novartis contends that the appropriate remedy for the initial inconsistent verdict is a new trial pursuant to Fed.R.Civ.P. 49(b), which provides in pertinent part:

>   (b) General Verdict with Answers to Written Questions
>
>   …
>
>   (4) Answers Inconsistent with Each Other and the Verdict. When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

Fed.R.Civ.P. 49(b)(4).

---

[2] The jury found no damages as to the loss of consortium claim.

Thus, when faced with an inconsistent verdict such as this, Rule 49(b) provides the Court with two options: Send the jury back out with the expectation of receiving a consistent verdict or order a new trial. Here, the Court did the former, without objection from Defendant. Now, faced with a consistent but adverse verdict, Novartis seeks the latter, contending that the jury's subsequent deliberation was a sham.

This was a difficult trial for all concerned, especially the jury. The days were long, the scientific issues were complex and the presentation of evidence was often tedious.[3] But the jury was punctual and attentive throughout, and their lengthy deliberation is evidence of a conscientious effort to reach a proper verdict. Other than the initial inconsistency, there is absolutely no basis to conclude that this jury disregarded its obligation to seek the truth based on the evidence adduced at trial and the Court's instructions on the law.

Obviously, the jury was confused by two distinct questions which, from a lawyer's viewpoint, ought to be perceived as one.[4] But that confusion was resolved by the Court's subsequent charge, and the jury's amended verdict was consistent with the initial award finding

---

[3] For example, much of the evidence was presented by way of deposition transcripts rather than live testimony.

[4] During the charge conference, counsel for Novartis argued that the two questions should be compressed into one. Counsel for the Plaintiffs objected. Recognizing that the two claims are theoretically distinct under Florida law, the Court opted to keep the theories separate. In the future, courts may wish to rethink the wisdom of this course of action.

Novartis liable for damages. The mere fact that the jury's confusion was rectified quickly does not, as Novartis suggests, imply any impropriety on the jury's part. Accordingly, it is

**ORDERED** that Defendant's Motion for New Trial (Doc. 283) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 14, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party